Roy WILLIAMS, Charles Hodges, Rufus Lea, Danny Morgan, John Pledge, Edward Williams, and Shawn Franklin, Plaintiffs,

v.

Honorable Robert OSMUNDSON, Judge, Sixth Judicial District of Iowa, and Iowa District Court, Linn County, Defendants.

No. 62354.

Supreme Court of Iowa.

July 25, 1979.

Lloyd E. Humphreys and Michael S. Vestle of Humphreys & Associates, Cedar Rapids, for plaintiffs Williams, Hodges, Pledge, Williams and Franklin.

Henry E. Nathanson, Cedar Rapids, for plaintiff Lea.

R. Fred Dumbaugh of Dumbaugh, Booth, Gross & Chapman, Cedar Rapids, for plaintiff Morgan.

Susan L. Weller, Asst. Linn County Atty., for defendants.

UHLENHOPP, Justice.

Plaintiffs sought a writ of certiorari in this court to challenge the district court's refusal to dismiss riot charges under section 723.1, The Code 1979. We granted a writ. In district court plaintiffs had sought dismissal of the charges on the ground that section 723.1 is unconstitutionally vague and overbroad and creates an irrational and arbitrary statutory presumption.

Our scope of review is an independent evaluation of the totality of the circumstances. *See Hightower v. Peterson*, 235 N.W.2d 313, 317 (Iowa 1975).

Section 723.1 provides:

A riot is three or more persons assembled together in a violent manner to the disturbance of others, and with any use of unlawful force or violence by them or any of them against another person, or causing property damage. A person who willingly joins in or remains a part of a riot, knowing or having reasonable grounds to believe that it is such, commits an aggravated misdemeanor.

The former unlawful assembly statute provided in section 743.1, The Code 1977:

When three or more persons in a violent or tumultuous manner assemble together to do an unlawful act, or, when together, attempt to do an act, whether lawful or unlawful, in an unlawful, violent, or tumultuous manner, to the disturbance of others, they are guilty of an unlawful assembly, and shall be imprisoned in the county jail not more than thirty days, or be fined not exceeding one hundred dollars.

This court upheld the constitutionality of section 743.1 in *State v. Elliston*, 159 N.W.2d 503 (Iowa 1968). In the case at bar the trial court held that *Elliston* disposes of the constitutional attack because of the similarity between the two sections.

The outcome of plaintiffs' constitutional challenge turns on the construction given to section 723.1. As stated in *State v. Williams*, 238 N.W.2d 302, 306–07 (Iowa 1976):

[I]f a statute "can be made constitutionally definite by a reasonable construction, * * * this Court is under a duty to give the statute that construction." . . . We do not search for intolerable lengths to which the unconstrued statute might be extended; rather we confine the language and thereby give effect to its provisions. . . . This principle is followed even where the statute, if literally applied, would succumb to constitutional attack on grounds of vagueness and overbreadth. (Citations omitted.)

The undesirable results plaintiffs visualize, such as punishment of innocent bystanders, arise from an extended construction of section 723.1 which its language will not bear.

The General Assembly drafted the section tightly.

The section contains two sentences. The first sentence defines the corpus delicti. If the corpus delicti is not established in a given case, the case is at an end and the defendant must be acquitted. The second sentence deals with the individuals who may be punished for the offense. Although the corpus delicti is established in a case, if the defendant's culpability is not established under the second sentence he must likewise be acquitted.

The offense of riot contains several elements under the first sentence:

1. At least three persons must
   (a) assemble together,
   (b) in a violent manner,
   (c) to the disturbance of others; and
2. One or more of those persons must
   (a) use unlawful force or violence against another person, or
   (b) damage property.

If a riot thus occurs, a defendant can only be convicted of the offense if the defendant
   (a) willingly,
   (b) joins in the riot or remains a part of the riot,
   (c) knowing or having reasonable grounds to believe it is a riot.

As to requirement (b) of the second sentence, a defendant does not *join in* a riot or *remain a part of* a riot unless he conducts himself in a violent manner under element 1(b) of the first sentence.

Plaintiffs attack the statute on three grounds: overbreadth, unlawful presumption, and vagueness.

■ I. *Overbreadth.* Plaintiffs first contend that the statute is overbroad. We initially note the following from a leading overbreadth case, *Broadrick v. Oklahoma,* 413 U.S. 601, 615, 93 S.Ct. 2908, 2918, 37 L.Ed.2d 830, 842 (1973): "[P]articularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep."

Plaintiffs contend that section 723.1 is overbroad because it might be used to punish innocent bystanders, and plaintiffs emphasize the statutory language, "remains a part of a riot." As we have construed the statute, mere presence at the scene of a riot is not punishable. An individual must willingly join in or remain a part of the riot, knowing or having reasonable grounds to believe it is a riot. As stated in 1 J. Roehrick, *The New Criminal Code* 304 (1978): "It would seem that there will be a difficulty in establishing the proof required for conviction as to this person. Obviously the intent of this person will be the important factor." *Cf. Original Fayette County Civic & Welfare League, Inc. v. Ellington,* 309 F.Supp. 89, 94 (W.D.Tenn.1970) (riot statutes construed to avoid subjecting innocent bystanders to criminal liability).

Plaintiffs also contend the statute is overbroad because it may apply to innocent persons involved in lawful assemblies that become unruly. Since section 723.1 does not punish mere presence at a riot, this argument lacks force. On the other hand, should an assembly become riotous and should an individual *remain a part of* the riot, as we have construed those italicized words, he is properly liable to criminal sanction. As stated in *State v. Leary,* 264 N.C. 51, 52, 140 S.E.2d 756, 757 (1965), "[L]awful original purpose for an assembly cannot excuse subsequent mob action, resulting in wanton destruction of property, and deliberate injury to officers seeking merely to preserve peace." *See also* 77 *C.J.S. Riot* § 5 (1952) ("It is not usually necessary that the riotous violence should have been premeditated by the assembled perpetrators, the purpose of the assemblage being no part of the offense; therefore, the original assembly may have been by accident or for a lawful purpose.").

Plaintiffs additionally argue that bystanders who are innocent might be subject to criminal liability as a result of the provision that only one person need cause injury or damage. So long as mere presence is insufficient for criminal liability, we see no problem here. We have already stated that

a defendant must be a participant in the "violent manner" element of the offense (element 1(b)). That he does not also participate in personal injury or property damage committed by another does not relieve him from liability for riot. *See People v. Bundte*, 87 Cal.App.2d 735, 746, 197 P.2d 823, 830–31 (1948), *cert. denied*, 337 U.S. 915, 69 S.Ct. 1154, 93 L.Ed. 1725 (1949); 77 *C.J.S. Riot* § 17 (1952).

We thus hold that section 723.1 is not unconstitutionally overbroad.

■ II. *Unlawful presumption.* Plaintiffs also argue that the riot statute creates an unconstitutionally arbitrary statutory presumption—again referring to the mere presence argument based on the "remains a part of a riot" language. *See State v. Ayers*, 260 A.2d 162, 169–70 (Del.1969) (mere presence at the scene of a riot "cannot be made the basis for an almost irrebuttable presumption"). Since section 723.1 does not reach mere presence, a presumption does not exist.

III. *Vagueness.* We set forth the law governing challenges for vagueness in *Knight v. Iowa District Court*, 269 N.W.2d 430, 432 (Iowa 1978):

> But an act penal in nature, generally one which imposes punishment for an offense committed against the state, is interpreted strictly. *State ex rel. Turner v. Koscot Interplanetary, Inc.*, 191 N.W.2d 624, 629 (Iowa 1971). Doubts are resolved in favor of the accused. *State v. Lawr*, 263 N.W.2d 747, 750 (Iowa 1978). It follows that in these criminal prosecutions based on the § 28A.8 criminal sanction, strict construction is appropriate. *Koscot Interplanetary*, 191 N.W.2d at 629. In the context of a vagueness challenge, this means the standard of certainty required by due process is significantly higher than in those situations involving civil remedies. *See Winters v. New York*, 333 U.S. 507, 515, 68 S.Ct. 665, 670, 92 L.Ed. 840, 849 (1948). Additional standards also are invoked.
>
> Viewed as a penal enactment under which individuals are to be prosecuted, chapter 28A must satisfy two specific standards: (1) it must give a person of ordinary intelligence fair warning of what is prohibited, and (2) it must provide explicit standards for those who enforce it. *State v. Wehde*, 258 N.W.2d 347, 350 (Iowa 1977), citing *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222, 227–28 (1972). *See also Buckley v. Valeo*, 424 U.S. 1, 77, 96 S.Ct. 612, 662, 46 L.Ed.2d 659, 721 (1976); *State v. Jaeger*, 249 N.W.2d 688, 691 (Iowa 1977); *State v. Williams*, 238 N.W.2d 302, 307 (Iowa 1976).

Nonetheless, plaintiffs have a relatively heavy burden. Literal exactitude or precision is not necessary. Due process requires no more than a reasonably ascertainable standard of conduct. *United States v. Powell*, 423 U.S. 87, 93–94, 96 S.Ct. 316, 320–21, 46 L.Ed.2d 228, 234–35 (1975); *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 340, 72 S.Ct. 329, 330–31, 96 L.Ed. 367, 371 (1952).

If the statute's meaning is fairly ascertainable by reliance on generally accepted and common meaning of words used, or by reference to the dictionary, related or similar statutes, the common law, or previous judicial constructions, due process is satisfied. *State v. Donner*, 243 N.W.2d 850, 853 (Iowa 1976); *State v. Kueny*, 215 N.W.2d 215, 217 (Iowa 1974). If vagueness can be avoided by a reasonable construction, consistent with the statute's purpose and traditional restraints against judicial legislation, we are duty bound to give chapter 28A that interpretation. *See Buckley v. Valeo*, 424 U.S. at 77–78, 96 S.Ct. at 662–63, 46 L.Ed.2d at 721; *Williams*, 238 N.W.2d at 306–07.

Plaintiffs first focus on the words "to the disturbance of others," claiming that it does not give people of ordinary intelligence fair warning and that it fails to provide explicit standards for those who must enforce it. Plaintiffs rely heavily on *Foods, Inc. v. Leffler*, 240 N.W.2d 914, 924 (Iowa 1976), and *Coates v. City of Cincinnati*, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971).

In *State v. Elliston* we upheld the prior unlawful assembly statute which also contained the "to the disturbance of others" language. Plaintiffs in effect argue that *Foods, Inc.* and *Coates* decided subsequent to *Elliston*, require a different result. We are unable to accept the argument.

This court has stated that "courts should consider the entire Act and, so far as possible, interpret its various provisions in the light of their relation to the whole." Furthermore, "it is not permissible to rest the interpretation of a legislative Act upon any one part or to give undue effect thereto." *State v. Charlson*, 261 Iowa 497, 502, 154 N.W.2d 829, 831 (1967); *State v. Ayers*, 260 A.2d at 166 ("The subject matter of the statute and the object sought to be reached may give content to words which, standing alone, seem obscure and vague."). *See also State v. Elliston*, 159 N.W.2d at 507; 2A *Statutes and Statutory Construction* § 46.05 (4th ed. C. Sands 1973). We thus look at the statute as a whole and interpret the words and phrases in question in light of the context.

The words, "to the disturbance of others," taken in context in the riot statute, are distinguishable from the language in *Foods, Inc.* and *Coates* in context. In *Foods, Inc.* we struck out "disturbing" and "annoying" from an injunction which restrained a group of pickets from "shouting at, disturbing and annoying persons attempting to enter" a supermarket. 240 N.W.2d at 923. In *Coates* the United States Supreme Court struck down a statute prohibiting " 'three or more persons to assemble  *  *  *  on any of the sidewalks  *  *  *  and there conduct themselves in a manner annoying to persons passing by  *  *  *.' " 402 U.S. 611, 611, 91 S.Ct. 1686, 1687, 29 L.Ed.2d 214, 216 (1971). In both cases the disturbing or annoying activity was the sole prohibited conduct in question. No attempt was made to indicate what activity must be disturbing or annoying.

Under section 723.1, the prohibited activity is assembling together in a violent manner. Reading "to the disturbance of others" in context, the statute clearly sets forth safeguards not present in either *Coates* or *Foods, Inc.* A reasonable person is on notice, as are the people charged with enforcing the statute, that the impermissible conduct under section 723.1 is violence—unlike the cases in which disturbing or annoying itself was the proscribed activity.

This distinction appears to have been made in two cases arising under the same set of facts in Illinois. In one case the court upheld a statute prohibiting "[t]he use of force or violence disturbing the public peace  .   .  .." *Landry v. Daley*, 280 F.Supp. 938, 954 (N.D.Ill.1968), *rev'd on other grounds sub nom. Boyle v. Landry*, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971). But the same court struck down as unconstitutionally vague and overbroad a statute punishing a person who should "make, aid, countenance, or assist in making any improper noise, riot, disturbance, breach of the peace  .   .  .." *Landry v. Daley*, 280 F.Supp. 968, 970–71 (N.D.Ill.1968). The court stated in the first case, 280 F.Supp. at 954 n.60:

> Although the standard breach-of-peace statute may be so broad and all-embracing that its constitutionality becomes doubtful, the crucial defect stressed by the Supreme Court in both *Cox v. State of Louisiana*, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965), and *Edwards v. South Carolina*, 372 U.S. 229, 237, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963), was the use of such a statute against peaceful conduct. In *Cox*, however, the Court seemed to suggest that breach-of-peace statutes may still be used to convict demonstrators who are either violent or past the bounds of argument. 279 U.S. at 551–552, 85 S.Ct. 453. Note, 80 Harv.L.Rev. 1773, 1783 (1967). *Clearly, therefore, where the statute itself requires violence, it would appear to be constitutional.* (Emphasis added.)

*Accord, Original Fayette County*, 309 F.Supp. at 93.

In addition, the legislature appears to have inserted the "to the disturbance of others" language in section 723.1 as a limiting factor, not to broaden liability. The

section would be constitutional without this language. This is an additional element of the crime which must be proved by the state; a defendant can hardly object because the prosecutor must prove more than constitutionally required. Furthermore, if this language were excised from the statute, private activity might also be punishable. As the statute presently reads, riotous activity is punishable only if it occurs in public. *See* Note, *Public Disorder Statutes in Iowa: An Evaluation of Existing Statutes and the Proposed Revision*, 57 Iowa L.Rev. 862, 879 (1972) ("Due to the nature of the community and individual interests involved in statutes designed to preserve public order, statutes regulating individual conduct should be restricted to dealing with public behavior, not private relationships. Most commentators support this position, requiring that proscribed acts be of a public nature.").

We thus adhere to our holding in *State v. Elliston* regarding the "to the disturbance of others" language and hold those words are not unconstitutionally vague in the context of section 723.1.

Plaintiffs additionally attack the language, "assembled in a violent manner" and "joins in or remains a part." The former language is similar to that in *Elliston*; the attack on the latter language is a reiteration of the mere presence problem which we have already considered. Neither phrase is unconstitutionally vague.

We thus uphold the statute.

WRIT ANNULLED.