Michael MAHAFFEY, Appellant,

v.

CIVIL SERVICE COMMISSION OF
CITY OF WEST DES MOINES,
Iowa, Appellee.

No. 83–597.

Supreme Court of Iowa.

June 13, 1984.

Neil A. Barrick of Robert E. Conley, P.C., Des Moines, for appellant.

Jack W. Rogers of Putnam, Putnam & Rogers, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN, and CARTER, JJ.

CARTER, Justice.

This action was commenced under Iowa Code section 400.27 (1983) to challenge the action of the Civil Service Commission of West Des Moines discharging the appellant, Michael Mahaffey, from his employment as a police officer for that city. The district court heard the evidence de novo and upheld the discharge. We affirm the district court.

The commission's action resulted from its finding that on May 30, 1981, Officer Mahaffey unnecessarily discharged his firearm in violation of police department rules

and regulations, an act which the commission found to be "misconduct, ... disobedience to rules ... and failure on the part of the officer ... to properly perform his duties within the meaning of section 400.-18." The civil service commission further noted in its decision that

[t]his is the second incident involving officer Mahaffey and a firearm, ... [the other] involving patrolman Mahaffey pointing his .38 caliber revolver towards a juvenile female, as a result of which officer Mahaffey received a ten working day suspension [in 1978.]

The appellant's conduct was before the civil service commission based on his appeal from a twenty-day suspension imposed by the chief of police. The commission's decision determined that the conduct in question was sufficiently egregious that a twenty-day suspension was inadequate. Accordingly, the commission modified the police chief's decision, imposing a twenty-day suspension and instead ordered appellant's termination from his employment.

On de novo hearing before the district court, the commission's action was affirmed. Appellant has appealed urging that the evidence is insufficient to uphold his discharge. Those facts which we deem important to our decision are discussed in connection with our consideration of the legal issues which have been presented on the appeal.

### I. Procedural Issues.

At the outset, we note that Officer Mahaffey does not challenge the commission's authority to increase the punishment which had been imposed by the chief of police while acting on his appeal which sought a reduction of that punishment. In *Sieg v. Civil Service Commission*, 342 N.W.2d 824, 826 (Iowa 1983), we noted that our prior cases suggest that a civil service commission does have the power to remove an officer subject to its jurisdiction even though the appointing power did not choose to do so. *See, e.g., O'Conner v. Youngblade*, 250 Iowa 808, 812–13, 96 N.W.2d 457, 460 (1959); *Fetters v. Guth*, 221 Iowa 359, 365, 265 N.W. 625, 628 (1936).

Support for that authority is found in Iowa Code section 400.19, which requires that notice of all reports of suspension, demotion, and discharges made by chiefs of police be given to the civil service commission regardless of whether the action recommended is ultimately confirmed by the mayor or whether formal appeal is taken to the civil service commission. An employee suspended, demoted, or discharged by a chief of police may appeal to the civil service commission after five days if action has not been taken in the meantime by the mayor or other appointing authorities specified in section 400.19. Iowa Code §§ 400.20, 400.21. The civil service commission shall then have jurisdiction "to hear and determine all matters involving the rights of civil service employees, and may affirm, modify, or reverse any case on its merits." Iowa Code § 400.27.

In *Sieg*, 342 N.W.2d at 826–28, we reviewed our prior decisions and determined that when a final decision of a civil service commission is appealed to the district court, that court shall try the case anew and give no weight or presumption of regularity to the findings of the commission. The district court in the present case acted in accordance with our decision in *Sieg*. Our review of the district court's ruling is de novo although we do give weight to the trial court's findings because of its opportunity to have personally observed the witnesses. *Sieg*, 342 N.W.2d at 826; *Millsap v. Cedar Rapids Civil Service Commission*, 249 N.W.2d 679, 684 (Iowa 1977).

### II. Sufficiency of the Evidence to Support a Sanction of Termination.

Appellant seeks to separately argue (a) the legal definition of misconduct; (b) the sufficiency of the evidence to establish misconduct in any degree; and (c) whether, if misconduct was established, it was of sufficient magnitude to warrant his discharge from the police force. We choose to consider these issues together.

At the outset, we are asked by appellant to establish the same definition for "misconduct," as that term is employed in section 400.18, that we have used in our cases involving unemployment insurance benefits. We see no purpose in seeking a determination as to whether definitions which have been fashioned in connection with a clearly distinguishable area of the law provide any assistance in determining the standards of misconduct which give rise to sanctions under the civil service laws. We prefer to apply those standards set forth in our prior decisions interpreting section 400.18. In *Sieg,* 342 N.W.2d at 829 we said:

> Misconduct is necessarily a broad term. It includes relatively minor or innocuous behavior ... or more flagrant and injurious breaches of decorum such as that presented here.

We also stated:

> Since peace officers are charged with a public trust, the public has every right to expect these officers to conduct themselves with good character, sobriety, judgment and discretion. Police departments are akin to paramilitary organizations, and discipline must be strictly enforced.
>
> In this case, misconduct is present and the real question narrows to whether it was detrimental to public service.

(Citations omitted.) *Id.*

The evidence in the present case establishes to our satisfaction that the following events occurred in the early morning hours of May 30, 1981. Officer Mahaffey and Officer Paul Barrows of the West Des Moines Police Department had arrested Erin Dalbey for assault in a residential area of West Des Moines. Dalbey broke loose before the officers could place him in the police car and fled through the neighborhood with the officers in pursuit. The Stanford family, consisting of a father, mother and their two sons, were watching television in their home in the neighborhood.

Stanfords' neighbors, the Stearns, were on vacation, and the Stanfords had agreed to watch their house. The Stanfords heard the officers chasing Dalbey across the Stearns' yard. Doug Stanford, age 16, went into the Stanford yard to see what was going on. When Officer Barrows left the Stearns' yard and ran by him, Doug, being unable to discern that Barrows was a police officer, tackled him knocking Barrows to the ground. When the rest of the Stanford family then came into the yard, Officer Mahaffey arrived, drew his service revolver, and fired a shot into the air over Doug Stanford's head. Doug Stanford then dropped to the ground, was tackled by Officer Mahaffey, arrested and handcuffed. Attempts by other members of the Stanford family to explain the circumstances to Officer Mahaffey resulted in his directing threats and obscene language toward them.

The evidence offered in the district court indicates that following its investigation of the foregoing incident, the internal affairs division of the West Des Moines Police Department recommended that Officer Mahaffey be discharged. That recommendation was based upon a finding that the method in which Officer Mahaffey used his firearm was a violation of the departmental rules and regulations governing firearm use. Violation of those departmental rules was the basis upon which the civil service commission predicated its order of discharge and was also the basis upon which Mahaffey's discharge was confirmed by the district court.

Our review of the evidence convinces us that Officer Mahaffey's actions on May 30, 1981, did violate the departmental firearms policy in at least two particulars. First, the evidence is clear that the departmental rules do not permit the firing of warning shots under any circumstances, and Mahaffey had been so advised prior to the incident in question. Under Mahaffey's own characterization of this transaction in his report, the use which he made of his firearm was a "warning shot."

In addition, the departmental rules proscribe any discharge of firearms in the present circumstances unless an officer has

first made a reasonable attempt to state his identity, which was not done in the present case, or the officer reasonably believes that such action is necessary to prevent death or serious injury. We find no basis on the present record for a reasonable belief on the part of Officer Mahaffey that a discharge of a firearm was necessary to prevent death or serious injury. Both Officer Mahaffey and Officer Barrows were, at the time and place in question, armed with mace, and a sap, and possessed a walkie talkie for use in requesting backup from a police dispatcher.

 Evidence was also offered in the district court that this was the second violation by Officer Mahaffey of the departmental rules concerning firearms. He had been warned following the first violation that subsequent breaches of the firearms policy could result in his discharge. Prior violations of rules may be considered in determining whether the cumulative effect of an officer's misconduct is sufficient to warrant discharge. *See McCormack v. Civil Service Commission,* 315 N.W.2d 855, 859 (Iowa Ct.App.1981). We are satisfied that the facts presented to the district court justify the sanction which was imposed in the present case.

III. *Effect of Other Instances of Misconduct Not Identified in the Specification of Charges.*

Both parties ask us to consider the extent to which acts of misconduct not identified in the specification of charges required by section 400.22 may be considered in determining the proper punishment for violations which are specified and established. It is the position of the commission that such other misconduct, even though not identified in the police chief's specification of charges, may properly be considered with respect to the sanction to be imposed in the event that one or more of the charges which are specified are established.

The district court refused to consider the proffered evidence although it was received by way of an offer of proof.

We believe that the district court was correct in refusing to consider this evidence. Although review of the decision of the civil service commission under section 400.27 is a trial anew in the district court, *Sieg,* 342 N.W.2d at 828, the trial is limited to the specification of charges made to the commission pursuant to section 400.22. Other instances of misconduct not specified according to the foregoing statute may not be considered on the question of punishment unless they have resulted in formal action by the appointing power under section 400.19 which has become final by action of the civil service commission or by reason of not having been appealed to the civil service commission. The record does not reveal that any formal disposition was made with respect to the other acts of misconduct sought to be shown in the present case.

We have considered all arguments made and presented on the present appeal and find that the judgment of the district court should be affirmed.

AFFIRMED.