**R. Michael POST, Plaintiff–Appellee,**

v.

**CITY OF SIOUX CITY, IOWA, CIVIL SERVICE COMMISSION, Defendant–Appellant.**

**88–1077.**

Court of Appeals of Iowa.

June 15, 1989.

James L. Abshier, City Atty., and George A. Carroll, Asst. City Atty., for defendant-appellant City of Sioux City.

MacDonald Smith of Smith & Smith, Sioux City, for plaintiff-appellee.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Defendant City of Sioux City Civil Service Commission (Commission) appeals the decision of the district court. We affirm.

Plaintiff R. Michael Post is a member of the Sioux City Police Department. In 1985 he was hospitalized for psychological problems caused by job-related stress. In March 1987, Post was conducting training sessions in the control of crowd violence due to a strike at a local meat packing plant. From statements of the trainees, Post's superiors felt he was having a recurrence of his earlier problems. On April 6, 1987, Post was placed on involuntary sick leave and ordered to report to a psychologist. Post continued to work two secondary security jobs until May 13, 1987, when he was specifically ordered to cease his secondary employment by the chief of police. Post had received department approval for secondary employment in December of 1986.

Under General Order No. 40 of the police department, off-duty employment would not be approved if an officer was on sick leave. Post knew of this rule. The police department suspended Post for twenty-eight days for violating this rule, which was the number of days he had been paid for sick leave and continued his secondary

employment. Post appealed his suspension to the Sioux City Civil Service Commission. The Commission affirmed his suspension. Post then appealed to the district court. The court reversed the decision of the Commission and vacated Post's suspension.

The Commission appeals the decision of the district court. Under Iowa code section 400.18, the City had the right to suspend Post for neglect of duty, disobedience, or misconduct. According to the Commission, Rule 40 should be read to revoke prior permission for off-duty employment while an officer is on sick leave. The City argues Post knew or should have known he was violating the rule. Post testified he did not think Rule 40 applied because he did not ask to be placed on sick leave. Post never inquired into the applicability of the rule. The Commission claims Post engaged in disobedience because he violated Rule 40 and he was properly suspended for twenty-eight days.

Our review of the district court's ruling reviewing a final decision of a civil service commission is de novo. *Mahaffey v. Civil Service Comm'n of City*, 350 N.W.2d 184, 185 (Iowa 1984). However, we give weight to the trial court's findings because of its opportunity to have personally observed the witnesses. *Id.*

**I.  Applicability of General Order No. 40.** The district court held General Order No. 40 does not prohibit off-duty employment by officers while on sick leave. Instead, the trial court determined the rule indicates approval for off-duty employment will not be given to an officer on sick leave. The trial court reversed because since Post had approval for off-duty employment prior to going on mandated or involuntary sick leave, the rule has no application here.

Uncontestably, General Order No. 40 is ambiguous. Prior to this incident the rule had never come into question. Testimony indicates no one knew the precise ramifications of the rule. Post, who served as the police officers' union president, was not certain. The present union president, Lt. Blum, indicated he believed the rule may proscribe Post's continuing outside employment, but testimony indicated he was by no means certain. Finally, the chief of police construed the language of the rule as prohibiting Post from continuing his outside employment while he was on mandatory sick leave. When notified of the chief's decision, Post immediately stopped his additional employment activities.

It is our duty to construe civil service rules liberally with a view to promote their objects and assist the parties in attaining justice. *Millsap v. Cedar Rapids Civil Service Comm'n.*, 249 N.W.2d 679, 684 (Iowa 1977).

■  Post apparently does not assert the rule is unconstitutional on the ground it is void for vagueness, and the trial court did not address the issue. However, the City argues the proper inquiry here is "reasonable officer" interpretation, which is similar to our analysis of vagueness cases. Our supreme court has held a noncriminal statute is unconstitutionally vague where its terms are such that an ordinary person exercising common sense cannot sufficiently understand and fulfill its proscriptions. *Id.; McCormack v. Civil Service Comm'n.*, 315 N.W.2d 855, 858 (Iowa App. 1981). When the meaning of a statute must be guessed at, it will be held invalid for vagueness. *Millsap*, 249 N.W.2d at 684.

General Order No. 40 was designed to clarify the rules and regulations regarding off-duty employment. The order sets out who may participate in off-duty employment (all officers in good standing) and the procedure for approval of off-duty employment. In addition, the order lists areas which the department will not grant approval because it deems them either a conflict of interest or positions which would "adversely reflect upon the City of Sioux City." The order also dictates a maximum number of hours per week which an officer may work and other rules which the officer is to follow. No mention is made regarding the termination or revocation of approval. The pertinent portion of the rule to this case states:

VIII.  Off-duty employment will not be approved if:

   \*     \*     \*     \*     \*     \*

D. The officer is under suspension, on *sick leave,* on injury leave, or on probationary status at the time of the off-duty employment. (Emphasis added.)

A common sense approach to Order No. 40 indicates it was intended to set formal guidelines as to who would and would not qualify for off-duty employment and the type of acceptable employment. The clear interpretation of the language does not give the reasonable police officer notice when approval ends.

■ We determine Post was not in violation of General Order No. 40 since his outside employment had been explicitly approved by the chief of police pursuant to the rule, and this approval was not withdrawn until May 13, 1987.

**II. The Suspension.** Obviously, because we determine Post was not in violation of General Order No. 40, he could not be suspended because he did not engage in disobedience to orders, misconduct or failure to perform duties, activities which are necessary to warrant a suspension under Iowa Code sections 400.18–400.19 (1987).

Decision of the district court is affirmed.

AFFIRMED.