Michael MERRITT,
Appellee/Cross–Appellant,

v.

COUNCIL BLUFFS CIVIL SERVICE
COMMISSION,
Appellant/Cross–Appellee.

No. 89–442.

Court of Appeals of Iowa.

May 24, 1990.

Kathleen A. Kilnoski, Asst. City Atty., for defendant-appellant.

Michael J. Winter, Council Bluffs, for plaintiff-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ., but considered en banc.

OXBERGER, Chief Judge.

Appellant Council Bluffs Civil Service Commission (Commission) and appellee-cross-appellant Michael Merritt appeal from a district court judgment upholding the Commission's determination that Merritt disobeyed orders to move to Iowa, but substituting a six-month suspension for the termination imposed by the police chief and Commission. We affirm in part and reverse in part.

Appellee was hired as a Council Bluffs policeman on October 7, 1986. During orientation, appellee was informed that he had to become an "Iowa resident." At that time appellee and his family lived in Omaha, Nebraska, a city situated across the Missouri River from Council Bluffs.

In an attempt to satisfy the residency requirement, appellee entered into an address-use arrangement with friends by the name of Hull. The Hulls gave appellee permission to use their Council Bluffs address for the purposes of mail delivery and receiving telephone calls.[1] Using the Hull address, appellee also obtained an Iowa driver's license and registered to vote. Additionally, appellee filed state and federal income tax returns which stated that he was a resident of the State of Iowa.

During this time period, appellee continued to live with his family in Omaha. On June 26, 1988, appellee's immediate supervisor, Sergeant Brad Asay, advised appellee that he had until June 27, 1988, to move to Iowa. Upon receiving Asay's order, appellee made arrangements with Sergeant Larry Wright to live at Wright's residence in Council Bluffs. Appellee stayed at the Wright resident on June 26 and June 27, 1988.

On June 29, 1988, appellee was informed by Lieutenant Gary Fields that his arrangement with Sergeant Wright was unsatisfactory and appellee would have to demonstrate a personal residence in Iowa by such evidence as a lease agreement or rental receipt. On July 5, 1988, appellee entered into a lease agreement with Arnold Kemeling for an apartment. Appellee, however, stayed at this apartment only one night. For all practical purposes, appellee continued to live in Omaha with his family.[2]

Appellee was subsequently discharged on July 29, 1988, after the police department discovered that he was not living at the Kemeling apartment. Appellee appealed his discharge to the Commission, and it unanimously affirmed his discharge. Appellee then filed a petition with the district court. The district court found appellee's discharge to be too severe a penalty and ordered that he be suspended without pay for six months. The Commission has appealed from the district court's decision, and appellee has cross-appealed.

The Civil Service Commission's final ruling or decision is appealable to the district court. Iowa Code § 400.27. The district court hears the matter de novo. *Id.* Our review too is de novo. We give weight to the findings of the trial court, but are not bound by them. *See Sieg v. Civil Serv. Comm'n*, 342 N.W.2d 824, 826 (Iowa 1983).

I.

The first issue we consider is appellee's claim that the term "resident," as used in Iowa Code section 400.17, is unconstitutionally vague. Section 400.17 provides in pertinent part:

> Employees shall not be required to be a resident of the city in which they are employed, but they shall become a resident of the state at the time such appointment or employment begins and shall remain a resident of the state during employment.

■ A civil statute is deemed to be vague under the due process clause when

---

1. Appellee had phone calls to the Hull address call forwarded to his Omaha home.

2. Mr. Merritt testified that from the date of his employment to the date of his discharge he stayed overnight in Iowa only three times—two days at Sergeant Wright's home and one day at Kemeling's apartment.

the statutory language fails to convey "a sufficiently-definite warning, as measured by common understanding or practice." *Knepper v. Monticello State Bank,* 450 N.W.2d 833, 837 (Iowa 1990); *see Greenawalt v. Zoning Bd. of Adjustment,* 345 N.W.2d 537, 545 (Iowa 1984). If a person must guess as to the meaning of a statute and its applicability, then it will be held invalid for vagueness. *Knepper,* 450 N.W.2d at 837; *Greenawalt,* 345 N.W.2d at 545; *Post v. Sioux City Civil Serv. Comm'n,* 445 N.W.2d 425, 426 (Iowa App. 1989).

■ On the other hand, if a statute's meaning is fairly ascertainable by reference to the dictionary, similar statutes, the common law, judicial determinations, or the commonly-accepted meaning of the words used, then a statute will not be considered unconstitutionally vague. *State v. McKee,* 392 N.W.2d 493, 494 (Iowa 1986); *Williams v. Osmundson,* 281 N.W.2d 622, 625 (Iowa 1979).

■ We conclude the term "resident" passes constitutional muster. "Resident" has been defined to mean:

Any person who occupies a dwelling within the State, has a present intent to remain within the State for a period of time, and manifests the genuineness of that intent by establishing an ongoing physical presence within the State together with indicia that his presence within the State is something other than merely transitory in nature.

Black's Law Dictionary 1177 (5th ed. 1979). Another reference defines the term as "living or staying in a place while working, carrying on official duties, etc....." Webster's New World Dictionary 1209 (2nd ed. 1976). One reading the term "resident" in section 400.17 would understand that term to mean, at a minimum, living or residing within the State of Iowa. We hold Iowa Code section 400.17 is not unconstitutionally vague.

## II.

■ The next issue we consider is appellee's claims that the district court erred in finding his actions constituted misconduct and disobedience of orders. Iowa Code section 400.19 permits a chief of police to suspend, demote, or discharge a police officer for, among other reasons, disobedience or misconduct. Upon our review of the record, we concur with the district court's decision that appellee's actions constituted both misconduct and disobedience. Appellee willfully sought to hide the fact that he was continuing to live with his family in Omaha throughout his employment with the Council Bluffs police force. He continued to do so even after being reminded and ordered that he had to move to Iowa in order to meet the residency requirements of Iowa Code section 400.17. Such actions constitute both misconduct and disobedience of orders.

## III.

■ The final issue raised by both parties is whether the disciplinary measure imposed by the district court on appellee was appropriate. Appellant argues that appellee's actions warranted discharge. Appellee asserts that the six-month suspension is unduly harsh. Chapter 400 does not designate the magnitude or characteristic of misconduct which should precipitate either suspension or discharge. *See Sieg,* 342 N.W.2d at 829. The Iowa Supreme Court, however, has noted "a suspension or dismissal pursuant to section 400.19 must be for conduct detrimental to the public service." *Matter of Fairbanks,* 287 N.W.2d 579, 581 (Iowa 1980). We conclude appellee's actions rise to such a level as to warrant disciplinary sanctions.

The district court determined the termination of appellee's employment is unduly punitive under the circumstances of this case. We disagree.

In *Sieg* the court said:

While we normally give weight to trial court findings, where, as here, the facts are essentially undisputed and the credibility of witnesses is not a factor, we give no weight to the findings and draw our own conclusions and inferences from the record.

. . . .

... [W]e are faced with determining the proper legal consequences of Seig's behavior without any statutory guidelines.

342 N.W.2d at 829.

In *Millsap v. Cedar Rapids Civil Serv. Comm'n*, 249 N.W.2d 679, 684 (Iowa 1977), the court said police officers are charged with a public trust, the public has every right to expect these officers to conduct themselves with good character, sobriety, judgment, and discretion.

We do not believe the six-month suspension levied by the district court is an appropriate disciplinary sanction in this case. We believe appellee's behavior was detrimental to the public service and requires his discharge.

We agree with the Council Bluff's Chief of Police and Council Bluff's Civil Service Commission that appellee's misconduct was such that termination of his employment is appropriate sanction. We therefore reverse the decision of the district court and reinstate the decision of the Commission to terminate appellee's employment as a police officer.

Costs shall be taxed to the appellee.

AFFIRMED IN PART AND REVERSED IN PART.

All Judges concur except HABHAB and DONIELSON, JJ., who concur in part and dissent in part.

HABHAB, Judge (concurring in part, dissenting in part).

I concur with that part of the majority's opinion that defines residency under Division I and also that part that concludes the appellee's conduct constitutes both misconduct and disobedience as is set forth under Division II. I dissent, however, as to Division III. I would affirm the trial court's disciplinary measure.

DONIELSON, J., joins this partial concurrence and dissent.