STATE of Iowa, Appellee,

v.

Andrew L. PETERSON, Appellant.

No. 91–463.

Supreme Court of Iowa.

Sept. 23, 1992.

Linda Del Gallo, State Appellate Defender, and Elizabeth E. Quinlan, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Douglas R. Marek, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Kimberly Griffith–Dunn, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN and SNELL, JJ.

CARTER, Justice.

Defendant, Andrew L. Peterson, appeals from his conviction, following a jury trial, of delivery of a controlled substance (cocaine base) in violation of Iowa Code section 204.401(1)(c) (1989) and from an enhanced sentence for making such delivery "within one thousand feet of the real property comprising a public school." After

considering the arguments presented, we affirm the judgment of the district court.

On October 23, 1990, defendant delivered a quantity of cocaine to an undercover police officer in the parking lot of the Rendezvous Lounge in Waterloo. At the trial, the State introduced expert testimony from a land surveyor who measured the distance between the drug transaction and property comprising Waterloo East High School. He testified that the distance between the parking lot where the drugs were delivered and the closest corner of the classroom building was 1232 feet. However, he testified that the distance between the parking lot and the nearest point of the land owned by the school district surrounding and contiguous to the school buildings was approximately 138 feet.

The jury found defendant guilty of the underlying charge and found by special verdict that the offense occurred within one thousand feet of the school. The court sentenced defendant to ten years in prison pursuant to Iowa Code section 902.9 and imposed an enhanced penalty of five years pursuant to the following statute:

> In addition to any other penalties provided in this chapter, a person who is eighteen years of age or older who unlawfully distributes a [controlled substance] to another person ... within one thousand feet of the real property comprising a public or private elementary or secondary school ... may, at the judge's discretion, be sentenced up to an additional term of confinement of five years.

Iowa Code § 204.401A (1991).

On appeal, defendant contends that (1) the statute calling for enhanced punishment is impermissibly vague, (2) the State should have been required to prove that students regularly congregated on that portion of school property from which measurement was made to satisfy the terms of the enhanced punishment statute, and (3) the trial court erred in refusing to give an entrapment instruction to the jury. We separately consider these issues.

### I. The Vagueness Issue.

In order for a penal enactment to pass vagueness scrutiny, it must (1) give a person of ordinary intelligence fair warning of what is prohibited, and (2) provide explicit standards for those who enforce it. *Williams v. Osmundson*, 281 N.W.2d 622, 625 (Iowa 1979). We have recognized that challengers to the constitutionality of statutes face a heavy burden:

> Literal exactitude or precision is not necessary. Due process requires no more than a reasonably ascertainable standard of conduct.
>
> If the statute's meaning is fairly ascertainable by reliance on generally accepted and common meaning of words used, or by reference to the dictionary, related or similar statutes, the common law, or previous judicial constructions, due process is satisfied. If vagueness can be avoided by a reasonable construction, consistent with the statute's purpose and traditional restraints against judicial legislation, we are duty bound to give [a statute] that interpretation.

*Id.* (quoting *Knight v. Iowa Dist. Court*, 269 N.W.2d 430, 432 (Iowa 1978)) (citations omitted).

The specificity required to uphold a statute against a vagueness challenge need not be apparent on the statute's face. *State v. Anderson*, 308 N.W.2d 42, 46 (Iowa 1981). We may look to prior decisions, the dictionary, and common usage. *Id.* Nor will the court search for intolerable lengths to which the statute might be extended. *State v. Williams*, 238 N.W.2d 302, 306–07 (Iowa 1976). In matters not qualifying for strict scrutiny, challengers must establish that the statute is vague in its application to the conduct with which they are charged. *State v. Donner*, 243 N.W.2d 850, 853 (Iowa 1976). This requires in the present case that we focus on real property contiguous to the school building and that is used for school purposes. Viewed in this light, we do not find this statute to be impermissibly vague.

Section 204.401A envisions that the measurement should begin at the "real property" comprising the school. Black's Law Dictionary defines real property as: "Land, and generally whatever is erected or growing upon or affixed to land." Black's Law

Dictionary at 1096 (5th ed. 1979). We believe that the words "real property comprising a school" are commonly understood to include not only the school buildings but also the contiguous land surrounding the buildings. Our conclusion in this regard is consistent with the decision of a federal court interpreting the federal school yard enhancement provision, which is similar to the Iowa statute.[1] *See United States v. Agilar,* 779 F.2d 123, 126 (2d Cir.1985) (the 1000–foot demarcation line is sufficiently ascertainable by the average person). *See generally* Annotation, *Validity and Construction of 21 USCS § 860 Enhancing Penalty for Drug Distribution If Offense Occurs Within 1,000 Feet of School, College, or University,* 108 A.L.R.Fed. 783 (1992).

II. *Whether the Distance in the Enhanced Punishment Statute Must be Measured From an Area Where Students Are Shown to Congregate.*

Defendant also argues that, because the State presented no evidence that students congregate on the property across the street from the Rendezvous Lounge, no reason has been shown to enhance his sentence under section 204.401A. We find no merit in that suggestion. The simple answer to this argument is that, whatever the purpose of the statute, it does not require that direct cause or effect be established in the particular case in order to trigger the enhanced sentence. We note that a contention similar to that which defendant is advancing was rejected in *United States v. Jones,* 779 F.2d 121, 123 (2d Cir.1985), in applying the analogous federal enhancement statute.

III. *Refusal to Give an Entrapment Instruction.*

The trial court denied defendant's request for an entrapment instruction. Defendant argues that there was a factual dispute regarding the events leading to the drug transaction. Viewing these events in the light most favorable to defendant, they give no indication that he was induced by "persuasion or other means likely to cause normally law-abiding persons to commit the offense." That circumstance is a necessary foundation for the entrapment defense under our criminal law. *State v. Mullen,* 216 N.W.2d 375, 382 (Iowa 1974). The instruction was correctly denied.

We have considered all issues presented and find no basis upon which to reverse the judgment of the district court. The judgment of that court is affirmed.

AFFIRMED.

---

1. 21 U.S.C.A. § 860 provides: "Any person who [distributes a controlled substance] in or on, or within one thousand feet of, the real property comprising a public or private [school]...."