**JIM O. INC. d/b/a Ernie's Avenue Tavern, Appellant,**

v.

**CITY OF CEDAR RAPIDS and The Alcoholic Beverages Division of the Commerce Department State of Iowa, Appellees.**

No. 97–875.

Supreme Court of Iowa.

Dec. 23, 1998.

Linda Hansen Robbins of Irvine & Robbins, L.L.P., Cedar Rapids, for appellant.

James H. Flitz, Cedar Rapids, for appellee City of Cedar Rapids.

Lynn M. Walding, Assistant Attorney General, for appellee Alcoholic Beverages Div. of the Commerce Dept. State of Iowa.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

NEUMAN, Justice.

The Alcoholic Beverages Division of the Commerce Department of the State of Iowa imposed a civil penalty of $300 on Jim O. Inc. d/b/a Ernie's Avenue Tavern after one of the tavern's bartenders sold two beers to an underage patron. On appeal from a district court judgment affirming the penalty, Jim O. challenges the constitutionality of Iowa Code section 123.49(2)(h) (1995), alleged substantive and procedural irregularities, and the tactics used by law enforcement. Finding no merit in any of these contentions, we affirm.

The Cedar Rapids police department engaged Tiffany Vomacka, a seventeen-year-old high school student, to assist the department in enforcing underage drinking laws. On August 23, 1995, Tiffany accompanied officer John McDaniel, dressed in plain clothes, in a "sting" operation at Ernie's Avenue Tavern. They arrived around 2 p.m. and seated themselves at the bar. The bartender on duty, Dianne Harrington, took Tiffany's order for two beers and served them without making any inquiry about Tiffany's age. Officer McDaniel then identified himself and issued Harrington a citation for violating Iowa Code section 123.49(2)(h).

Harrington pleaded guilty to an amended complaint alleging violation of Iowa Code

section 123.47A. Subsequently the Cedar Rapids city council passed a resolution assessing Jim O. a $300 civil penalty for violating Iowa Code section 123.49(2)(h). Jim O. appealed the decision to the Alcoholic Beverages Division of the Department of Commerce. *See* Iowa Code § 123.39(1)(a) (authorizing review in accordance with chapter 17A).

At the hearing before the alcoholic beverages division, Harrington testified that she believed Tiffany's companion was a police officer because she had seen him, in uniform, at a convenience store just the night before. She assumed he would not let a minor purchase beer for him, so she did not question Tiffany's age. She also believed it likely that Tiffany was the officer's wife or girlfriend, and approximately twenty-three years of age. On cross-examination, however, Harrington admitted that she had previously pleaded guilty to serving alcohol to a person younger than twenty years of age.

The agency affirmed the $300 civil penalty. Jim O. sought judicial review under Iowa Code chapter 17A. The district court affirmed. Jim O.'s appeal is before us in accordance with Iowa Code section 17A.20.

## I. Scope of Review.

Our review is for the correction of errors at law. *Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 164–65 (Iowa 1982). To the extent appellant challenges the constitutionality of a governing statute, however, our review is de novo. *Wettach v. Iowa Bd. of Dental Examr's*, 524 N.W.2d 168, 170 (Iowa 1994).

## II. Issues on Appeal.

A. *Vagueness challenge.* Jim O. begins by claiming that Iowa Code section 123.49(2)(h) is unconstitutionally vague as applied to the facts sketched above. The statute states:

A person or club holding a liquor control license or retail wine or beer permit under this chapter, and the person's or club's agents or employees, shall not do any of the following:

. . . .

h. Sell, give, or otherwise supply any alcoholic beverage, wine, or beer to any person, knowing or failing to exercise reasonable care to ascertain whether the person is under legal age, or permit any person, knowing or failing to exercise reasonable care to ascertain whether the person is under legal age, to consume any alcoholic beverage, wine, or beer.

Iowa Code § 123.49(2)(h). Appellant contends the statutory phrase "reasonable care to ascertain whether the person is under legal age" is not clear and requires the licensee to guess at what conduct is required or prohibited. In a nutshell, appellant argues that absent any affirmative duty to check the identification of every customer, the statute leaves a licensee without direction as to what "ascertain" involves.

Appellant assumes a heavy burden in attacking section 123.49(2)(h). Statutes are presumed constitutional, and a party asserting a vagueness challenge must negate every reasonable basis upon which the statute might be sustained. *Wettach*, 524 N.W.2d at 171. To withstand constitutional attack, a penal statute must (1) give a person of ordinary intelligence fair notice of the conduct prohibited, and (2) provide explicit standards for enforcement. *State v. Peterson*, 490 N.W.2d 53, 54 (Iowa 1992). These standards, however, need not be mechanically applied. "The degree of vagueness that the constitution tolerates—as well as the relative importance of fair notice and fair enforcement—depend in part on the nature of the enactment." *State v. Duncan*, 414 N.W.2d 91, 96 (Iowa 1987). Thus, for example, a law interfering with the exercise of fundamental rights would be tested by a more stringent standard than, for example, the liquor control statute at issue here. *See id.*

Jim O. has failed to convince us that a person of ordinary intelligence would not understand the responsibility imposed by section 123.49(2)(h). The alleged problem of "ascertainment" may be easily overcome by simply requiring patrons to furnish proof of age before the licensee serves them. Yet the legislature has written the statute to give the licensee freedom from routine "carding" when the age of the patron is known or reasonably beyond question. In our view,

the statute easily meets the test of fair notice and fair enforcement.

Jim O., moreover, is in a poor position to sustain an applied constitutional challenge under this record. Its bartender made no effort whatsoever to ascertain the minor patron's age. Harrington's bald assertion that a person she thought to be a police officer would not permit an underage companion to buy a drink simply does not meet the threshold of "reasonable *care*" required by the statute. The assignment of error is without merit.

B. *Statutory compliance.* Jim O. next contends the agency misunderstood and misapplied the statutory scheme prohibiting the sale of liquor to a minor. It claims that because the bartender pleaded guilty to a violation of section 123.47A,[1] the agency is prevented from enforcing a civil penalty against the tavern under section 123.49(2)(h). The question is whether a criminal conviction under section 123.49(2)(h) is a prerequisite to imposition of a civil penalty. We hold that it is not.

Iowa Code chapter 123 is a comprehensive liquor control statute. It contains penalty provisions for prohibited acts, some discretionary and others automatic, depending on the offense implicated. Thus if a licensee or its employee were convicted of violating section 123.49(2)(h), the agency (or local authority) would be required to assess a civil penalty of $300 for a first offense. *See* Iowa Code § 123.50(3)(a). Iowa Code section 123.39(1)(b)(2), however, authorizes the agency to impose a civil penalty for "violation of *any* of the provisions" of the chapter. (Emphasis added.) Reinforcing that authority, subsection (c) of the same statute declares "[a] criminal conviction is not a prerequisite to suspension, revocation, or imposition of a civil penalty pursuant to this section." Iowa Code § 123.39(1)(c).

Here the agency proceeded, not on the basis of the licensee's or its employee's crimi-

nal conviction, but on proof of a prohibited act authorizing assessment of a penalty. The record made before the agency substantially supports its finding, affirmed on judicial review, that Jim O.'s bartender sold alcohol to Tiffany Vomacka without exercising reasonable care to ascertain whether she was under legal age, in violation of section 123.49(2)(h). In lieu of suspension or revocation of the permit for such a violation, the legislature directs that the agency *shall* impose a civil penalty of $300. *See* Iowa Code § 123.39(4). No misapplication of the law has been established.

C. *Entrapment.* Jim O. also complains because the agency, and district court, found no merit in its entrapment defense. The appellant contends the violation was "obtained by fraud." But for the "illegal acts" of the police, it argues, the tavern's law-abiding bartender "would not have been tricked into providing beer to a minor."

The facts revealed by the record simply do not support appellant's claim of entrapment. Entrapment occurs when a peace officer induces an otherwise law-abiding citizen to commit an offense. *State v. Babers,* 514 N.W.2d 79, 83 (Iowa 1994). To rise to the level of prohibited activity, the officer's conduct must involve "excessive incitement, urging, persuasion, or temptation." *Id.* "Conduct merely affording a person an opportunity to commit an offense is not entrapment." *State v. Tomlinson,* 243 N.W.2d 551, 553 (Iowa 1976).

Appellant cites no authority for its proposition that using seventeen year olds or undercover officers in "sting" operations exceeds the bounds of lawful police conduct. Nor are we persuaded by the bartender's claim that because she had previously seen the officer in uniform he thereby "vouched" for Vomacka's age when they entered the bar together. The record contains no proof that law enforcement officials tempted, induced, or per-

---

1. Section 123.47A prohibits a "person" from selling liquor to someone, "knowing or having reasonable cause to believe that the person is age eighteen, nineteen, or twenty." This Code section was repealed by 1997 Iowa Acts ch. 126, § 54. The Code no longer makes a distinction between the ages of eighteen, nineteen, and twenty; it now sets the legal age at twenty-one or more. *See* Iowa Code §§ 123.47, 123.3(19) (1997). The decision before us, however, is not affected by this change.

suaded the bartender to break the law. Thus the agency and district court correctly rejected the appellant's entrapment defense.

### III.   Conclusion.

We have considered all arguments pressed by the appellant, whether mentioned or not, and find them to be without merit.  We hold Iowa Code section 123.49(2)(h) is not unconstitutionally vague as applied to the facts in the record before us.  We are convinced the agency, and the district court, correctly followed the statutory requirements of Iowa Code chapter 123 and the appellant tavern was not unlawfully entrapped by the Cedar Rapids police department.  Accordingly, we affirm the judgment of the district court.

AFFIRMED.